# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6858 | **DATE** | January 13, 2011 |
| **CASE TITLE** | Vashaun Williams (##2008-0017916) v. Jane Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes Cook County Jail officials to deduct $6.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Pursuant to 28 U.S.C. § 1915A, however, Plaintiff's complaint is dismissed. This case is terminated. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]    **Docketing to mail notices.**

## STATEMENT

Plaintiff, Vashaun Williams, is a pre-trial detainee in the Cook County Jail. He has brought suit, pursuant to 42 U.S.C. § 1983, alleging that his Fifth Amendment right to remain silent was violated by a Jane Doe court appointed psychiatrist in his ongoing state court criminal case. As explained below, the court concludes this case must be dismissed.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), directs the court to review a complaint filed *in forma pauperis* and dismiss it if the court concludes that it seeks monetary relief against a defendant who is immune from such relief. **(CONTINUED)**

AWL

| **STATEMENT** |
|---|

Plaintiff has named as Defendants two John/Jane Doe state court-appointed psychiatrists. A psychiatrist hired by the state as a court-appointed expert to determine the fitness of criminal defendants to stand trial serves a function that is quasi-judicial in nature; such Defendants are, therefore, immune from liability for their actions in that capacity. It is well-established that court-appointed psychological evaluators are "protected by the same immunity extended to judges and other judicial officers." *Bartlett v. Weimer*, 268 F.2d 860, 862 (7th Cir. 1959) (affirming dismissal of § 1983 claim against court-appointed physician, who examined mental health of plaintiff and recommended his commitment, on grounds of absolute immunity); *see also Duzynski v. Nosal*, 324 F.2d 924, 928-29 (7th Cir. 1963) (similarly affirming dismissal of case against two doctors who served on court-appointed commission to evaluate plaintiff's mental condition).

The Seventh Circuit has recognized this principle, dismissing a case brought against a mother seeking damages from a child psychiatrist, state court judge and child's representative (hybrid of a child's attorney and guardian-ad-litem) after the state court found, based on the testimony of the court appointed psychiatrist, that she should not have custody of her children. "Guardians ad litem and court-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction. E.g., *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006) (Illinois law); *Scheib v. Grant*, 22 F.3d 149, 157 (7th Cir. 1994) (same); *Hughes v. Long*, 242 F.3d 121, 127-28 (3d Cir. 2001); *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984). They are arms of the court, much like special masters, and deserve protection from harassment by disappointed litigants, just as judges do." *Cooney v. Rossiter*, 583 F. 3d 967, 970 (7th Cir. 2009); *see also Kim v. Parker*, 373 Fed. Appx. 606, 608 (7th Cir. 2010) (court appointed psychiatrist in a competency hearing alleged in an action brought pursuant to 28 U.S.C. § 1983 to have taken away the defendant's right to self-representation is absolutely immune from suit.) So, while Plaintiff may allege a constitutional violation as to the psychiatrists' actions (*see Estelle v. Smith*, 451 U.S. 454 (1981)), because their actions took place within the scope of their court appointed duties, they are immune from suit, and his claims must fail. *See Cooney* at 970.

This suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."

*[Signature: Rebecca R. Pallmeyer]*